```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARY MORALES,                                CIVIL ACTION
LIONEL MORALES, AND
STACEY MORALES


VERSUS                                       NO: 07-3054


NOAH M SHAFFER, PERFORMANCE                  SECTION: R(2)
COURIER, INC., SCOTTSDALE
INSURANCE CO., AND ALLSTATE
INSURANCE CO.
```

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand because not all defendants properly joined in the notice of removal. Also before the Court is defendant Noah M. Shaffer's motion to dismiss for insufficient service of process. For the following reasons, the Court GRANTS plaintiffs' motion to remand and DENIES defendant's motion for lack of subject matter jurisdiction.

### I.   BACKGROUND

This case involves personal injuries claims arising out of a car accident. Plaintiffs Mary and Stacey Morales allege that on

May 5, 2006 they were stopped at an intersection when defendant Noah M. Shaffer rear-ended the vehicle immediately behind their car, pushing it into the rear of plaintiffs' car. Plaintiffs contend that at the time of the accident Shaffer was driving a company van during the course of his employment for defendant Performance Couriers, Inc. On May 2, 2007, plaintiffs, who are Louisiana residents, brought state law tort claims in Louisiana state court against defendants Shaffer, Performance Couriers, and Scottsdale Insurance Company, Performance Couriers' insurer. Plaintiffs' complaint also includes a claim against their uninsured motorist carrier, Allstate Insurance Company.[1] They seek an unspecified amount of damages.

When plaintiffs filed suit, they requested that service of process be made on defendants through the Louisiana Secretary of State. Plaintiffs have submitted returns of service that indicate Performance Couriers was served on May 8, 2007 and that both Scottsdale and Allstate were served on May 15, 2007. Plaintiffs have not submitted a return of service for Shaffer. In their request for service, plaintiffs provided a Pennsylvania address

---

[1] The driver of the vehicle that was pushed into the Morales plaintiffs, Troy Adams, has also sued Shaffer, Performance Couriers, and Scottsdale. His suit, Civ. A. No. 07-201, is consolidated with the Morales plaintiffs' case, but none of the pending motions applies to his case.

for Shaffer. Plaintiffs state that the notice sent to Shaffer's Pennsylvania address was returned as unclaimed. Plaintiffs now contend that Shaffer is a Louisiana resident and that on June 22, 2007 they mailed a certified letter, return receipt requested, notifying Shaffer about the lawsuit to Shaffer's Louisiana address. Plaintiffs, however, have not provided any evidence to support these assertions.

On May 30, 2007, Scottsdale filed a notice of removal under 28 U.S.C. § 1446(a), on the grounds that complete diversity exists between the parties. In its removal petition, Scottsdale alleged that, at the time plaintiffs filed suit, all three corporate defendants were foreign corporations and that Shaffer was a Pennsylvania resident. Scottsdale also asserted that plaintiffs' alleged damages exceeded $75,000. The petition, however, did not include a statement that the other served defendants consented to removal. Scottsdale filed its answer contemporaneously with its notice of removal. On June 12, 2007, Performance Couriers answered plaintiffs' complaint in federal court. Shaffer, Performance Couriers, and Scottsdale are represented by the same counsel. Their attorney represents that Allstate answered plaintiffs' complaint in state court on June 14, 2007. Allstate has not made an appearance in federal court.

**II. DISCUSSION**

    **A.    Plaintiffs' Motion to Remand**

Plaintiffs offer two arguments in support of their motion to remand. First, they argue that Scottsdale's removal petition is invalid because neither Performance Couriers nor Allstate consented to removal. Second, they argue that the Court lacks subject matter jurisdiction because Shaffer was a Louisiana resident at the time they filed suit, thereby destroying complete diversity between the parties.

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A defendant desiring to remove a case from state court to federal court must file a petition for removal. *See* 28 U.S.C. § 1446(a). This petition must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Because the exercise of removal jurisdiction raises significant federalism concerns, courts construe these provisions strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

In suits with more than one defendant, the Fifth Circuit has

interpreted § 1446(b) to require that all served and properly joined defendants consent to removal. *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Getty Oil*); *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992). A failure of all defendants who have been served to join in the petition renders it defective. *Getty Oil*, 841 F.2d at 1262. Under this "rule of unanimity," it is not necessary that each defendant sign the original petition for removal, "but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so." *Id.* at 1262 n.11. Additionally, the thirty-day period begins to run as soon as the first defendant is served, so long as the case is then removable. *Id.* at 1263. Since all of the defendants who have been served must join in the petition, and since the petition must be filed within thirty days of service upon the first defendant, the Fifth Circuit has concluded that all served defendants must join in the petition "no later than thirty days from the day on which the first defendant was served." *Id.* In *Getty Oil*, the removing defendant failed to provide written consent to removal of a co-defendant who had been served just two days before removal. That

5

defendant later joined in the removal within 30 days of being served but 51 days after the *initial* defendant was served. The removing party represented in its removal petition that this co-defendant "do[es] not oppose and consent[s] to this Petition for Removal." *Id.* at 1262 n.11. The Fifth Circuit ruled that this representation was insufficient, for the removing party did not indicate that it had formal authority to represent to the court that the co-defendant consented to removal. *Id.* (explaining that such a statement does not constitute an "adequate allegation or showing of [the co-defendant's] actual joinder in or consent to the original removal petition").

   Although the *Getty Oil* court left open the possibility that "exceptional circumstances" might warrant a departure from this rigid rule, *id.* at 1263 n.12, the Fifth Circuit has since identified only one such exceptional circumstance. *See Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002). In *Gillis*, the nonremoving defendant failed to file written consent on a timely basis because consent could be authorized only at a board meeting. A board meeting could not be scheduled within the thirty-day removal period because the chairman of the Board, who was also a *plaintiff* in the matter, had interposed scheduling conflicts. *See id.* at 759. In addition, the *Gillis* court reaffirmed the standard for filing written consent set forth in

*Getty Oil*, specifically, that there be "written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect *and to have authority to do so*, that it has actually consented to such action." *Id.* (emphasis in original).

*Gillis* is distinguishable from the facts in this case because defendants do not have a similar excuse for failing to timely file written consent in the record. Performance Couriers, which is represented by the same counsel as Scottsdale, received service on May 8, 2007. Therefore, defendants had until June 7, 2007 to join in a petition for removal or indicate in writing their consent to removal. Scottsdale and Allstate received service the same day, May 15, 2007, more than two weeks before Scottsdale filed the petition for removal. Although Scottsdale demonstrated clear awareness of the other defendants in the action by including statements about their citizenship status, it failed to indicate that any of the other defendants had authorized it to remove the case on their behalf. Nor did any other defendants notify the Court that they consented to Scottsdale's removal or that they authorized it to so act.

Defendants argue that both Performance Couriers and Allstate have given sufficient consent for removal. They argue that Performance Couriers explicitly consented to federal jurisdiction

by filing its answer on June 12, 2007. Even if this answer did constitute sufficient consent, it is still untimely. The requirement that a defendant give consent within 30 days after the first defendant receives services is a rigid rule. Performance Couriers was the first defendant to receive service on May 8, which was more than 30 days before it filed its answer. Defendants also argue that Allstate explicitly consented to removal on July 6, 2007, but defendants do not demonstrate how Allstate consented or include a formal statement that Allstate authorized Scottsdale to remove the case on its behlf. Regardless, its alleged consent came 57 days after the first defendant was served. Defendants argue that the Court should "look only to the defendants who have answered at the time of removal" to determine whether all necessary defendants have joined in and consented to removal. *See* Defs.' Supp. Mem., R. Doc. 29-2 at 2. But the Fifth Circuit requires the Court to look to *served* defendants to determine whether the necessary consent exists, not to those who have answered. *See Getty Oil*, 841 F.2d at 1263. Here, not all of the served defendants consented to removal within 30 days after the first defendant was served.

    Defendants also argue that Allstate can choose to remain in state court without interfering with other defendants' ability to effect removal. They rely on *Basinger v. Federated Dep't Stores*,

*Inc.*, Civ. A. Nos. 89-5069, 90-0181, 1992 WL 193491 (E.D. La. July 30, 1992). In *Basinger*, Louisiana plaintiffs filed a personal injury claim in state court against a foreign department store when their child's toe had to be amputated after being caught in an escalator. Rather than removing the case to federal court, the defendant answered the complaint in state court and then later sought removal, arguing that the jurisdictional amount was not clear at the time plaintiffs filed the lawsuit. The court rejected this argument, finding that the nature of the claim and injury gave the defendant the "requisite knowledge at the time it was served that the case was removable." *Id.* at *3. Defendants seize upon the *Basinger* court's observation that "a defendant may waive its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court." *Id.* at *2 (citing *Brown*, 792 F.2d at 481). This statement does not mean that one defendant, in a group of properly joined defendants, may proceed in state court while other defendants proceed in federal court. Such an interpretation is squarely at odds with the "well-established" rule that "*all* defendants must join in a removal petition." *Brown*, 792 F.2d at 481 (emphasis added). There is no indication that any defendant was improperly joined in this case, and defendants do not so argue. Thus, all of the defendants had to join in the petition for removal within

thirty days of service on the first defendant. Defendants failed to do so in violation of the rule of unanimity. Accordingly, the Court grants plaintiffs' motion to remand. Because the Court concludes that defendants' attempted removal violates the rule of unanimity, it is unnecessary to address plaintiffs' jurisdictional arguments.

**B.   Defendant Shaffer's Motion to Dismiss**

Defendant Shaffer moves to dismiss plaintiffs' suit for insufficient service of process. Because defendants improperly removed this case to federal court, the Court lacks jurisdiction over plaintiffs' claims. Accordingly, the Court denies defendant's motion for lack of subject matter jurisdiction.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand and DENIES defendant's motion to dismiss.

New Orleans, Louisiana, this 30th day of October 2007

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE